RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/18/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

SIMON TEMPLE BROWN         CIVIL ACTION
    Appellant                 NO. 2:11-cv-1278

VERSUS

MICHAEL J. ASTRUE           JUDGE JAMES T. TRIMBLE, JR.
COMMISSIONER OF SOCIAL SECURITY   MAGISTRATE JUDGE JAMES D. KIRK
    Appellee

## REPORT AND RECOMMENDATION (Attorney Fees)

Before the court is a motion for attorney fees, **doc. #21** under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d). Claimant seeks $4,712.50 in attorney fees including 45 hours of paralegal time.

Simon Temple Brown ("Brown"), filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on or about January 29, 2008. In the applications, Brown alleged a disability onset date of April 30, 2007 due to arthritis, insomnia, depression, memory loss, anxiety, excessive weight loss and leg, hip and back pain.

On appeal, I noted Brown's failure to provide evidence of his mental disability but recommended that Brown's appeal be GRANTED and the decision of the Commissioner be vacated because of the Commissioner's failure to develop the record in accordance with the regulations and his own expert's recommendation. The district judge

adopted my recommendations, doc. #20, entered a "sentence four" judgment under 42 U.S.C. §405(g), and the case was remanded to the Commissioner.

Claimant has now filed this motion for attorney fees, asserting that the position of the Commissioner was not substantially justified. The government opposes the motion asserting that, while it did not prevail in the case to this point, it was substantially justified in its position that plaintiff did not meet the definition of mentally handicapped.

Here I find that there was a reasonable basis in law and fact-that is, that the government's position was "substantially justified"- for arguing the claimant was not disabled. Claimant did not cooperate in providing evidence of his alleged mental deficits; therefore, there was no valid evidence that he is disabled. It was only because the Commissioner's own expert recommended additional testing in order to apply the regulations that I recommended remanding the case.

I find that there was a reasonable basis in law and fact for the government's position the claimant was not disabled and therefore, its position was substantially justified. Attorney fees are not owed under the statute.

I recommend that the motion for attorney fees, doc. #20, be

DENIED.[1]

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Thus done and signed at Alexandria, Louisiana this 17th day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] If attorney fees had been awarded, the bill submitted would likely have been reduced by at least half. The issue presented in this case was a simple one and did not require 42 hours of paralegal research time.